UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:22-CV-00163-GNS

SANKET HASMUKHBAI PATEL; and
NEHABEN SANKET PATEL                                          PLAINTIFFS


v.


UR JADDOU,
Director, U.S. Citizenship
and Immigration Services                                       DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (DN 8), Defendant's

Motion for Leave to Seal (DN 9), and Plaintiffs' Motion for Civil Money Penalties (DN 11).  The

motions are ripe for adjudication.  For the reasons outlined below, Defendant's motions are

**GRANTED**, and Plaintiffs' motion is **DENIED**.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiffs Sanket Hasmukhbai Patel and Nehaben Sanket Patel ("the Patels") sued

Defendant Ur Jaddou ("Jaddou"), Director of U.S. Citizenship and Immigration Services

("USCIS").  The Patels allege that the agency violated the Administrative Procedure Act by

unreasonably delaying its evaluation of their U nonimmigrant status applications.  (Compl. ¶¶ 65,

69, 87, 161, DN 1).

Jaddou moved to dismiss the action as moot, arguing that since the Patels filed their

complaint, the USCIS evaluated the Patels' applications and granted the relief they sought.  (Def.'s

Mem. Supp. Mot. Dismiss 1, DN 8).  The Patels did not respond to the dispositive motion.

Soon after, however, the Patels moved for the imposition of civil penalties under 8 U.S.C. § 1367, which prohibits the government from disclosing any information about people with pending U visa applications. They contend that Jaddou violated the statute by attaching letters in Exhibit A (DN 8-1) to her dispositive motion, which contained confidential information about the Patels. (Pls.' Mot. Assess Civil Penalties 1-2, DN 11). Before the Patels' motion was filed, however, Jaddou moved to seal the letters. (Def.'s Mot. Leave Seal 1, DN 9).

## II.   DISCUSSION

### A.   Defendant's Motion to Dismiss

Jaddou moves to dismiss the Patels' claims as moot. (Def.'s Mot. Dismiss 1-2). In particular, she claims that the Patels have received the relief requested in this action. (Def.'s Mot. Dismiss 1-2).

Under Article III of the United States Constitution, federal courts only have jurisdiction to resolve disputes that present actual "Cases" or "Controversies." U.S. Const. art. III, § 2, cl. 1. "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (citing *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Without an "actual controversy about the plaintiffs' particular legal rights[,]" the case is moot. *Alvarez v. Smith*, 558 U.S. 87, 93 (2009); *see also id*. at 92 ("An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." (internal quotation marks omitted) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975))).

In this instance, the Complaint asserts two causes of action related to USCIS' alleged unreasonable delay in evaluating their U visa applications. The first is to compel USCIS to make bona fide determinations ("BFDs") and issue employment authorization documents ("EADs"), and

the second is to compel a decision about whether the Patels would be included on the waiting list for U nonimmigrant status visas, which are limited to 10,000 per year.  (Compl. ¶¶ 20, 69-77, 154-55, DN 1).

In moving to dismiss the Complaint, Jaddou explains that the USCIS made the BFD, granted the Patels EADs, and deferred a removal action for four years.  (Def.'s Mot. Dismiss 1, DN 8).  The letters attached to the motion confirm the BFD, EAD, and deferred removal.  (Def.'s Mot. Dismiss Ex. A, DN 8-1).  While the USCIS did not place the Patels on the waitlist, their second cause of action is similarly rendered moot because BFD determination and waitlist approval are two distinct paths to a U visa, and USCIS does not place an applicant on both.  *Barrios Garcia v. U.S. Dep't of Homeland Sec.*, 25 F.4th 430, 439 (6th Cir. 2022) (explaining that USCIS first determines whether an application is bona fide, and only if it is not, it considers placing the applicant on the waitlist).

The Patels did not oppose the motion, which waives any opposition to Jaddou's argument that the Patels have received the relief they sought in the Complaint.  *See Zimmerman v. CitiMortgage, Inc.*, No. 3:11-CV-00164-JHM, 2012 WL 1067912, at *8 ("The Sixth Circuit has held that 'if a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion.'"  (quoting *Scott v. Tennessee*, 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. July 3, 1989))).  Accordingly, this motion is granted

**B.**   **Plaintiffs' Motion to Assess Civil Penalties**

The Patels move for the assessment of civil penalties totaling $20,000 due to Jaddou's unsealed filing of an exhibit containing confidential information pursuant to 8 U.S.C. § 1367(c).  (Pls.' Mot. Assess Civil Penalties 1-2).  In relevant part, the statute provides:

> Anyone who willfully uses, publishes, or permits information to be disclosed in violation of this section or who knowingly makes a false certification under section 239(e) of the Immigration and Nationality Act shall be subject to appropriate disciplinary action and subject to a civil money penalty of not more than $5,000 for each such violation.

8 U.S.C. § 1367(c).

Based on the parties' arguments, the key issue in applying this statute is the term "willfully." This Court has noted that "[w]illful 'is a "word of many meanings," and "its construction [is] often . . . influenced by its context."'" *Mitchell v. Carhartt, Inc.*, No. 4:14-CV-00057-JHM, 2016 WL 5890068, at *3 (W.D. Ky. Oct. 7, 2016) (second alteration in original) (quoting Ratzlaf v. United States, 510 U.S. 135, 141 (1994)). In this instance, the Court holds that "willfully", as used in statute, "requires an intent to do an act, as well as an intent to bring about a particular result." *Id*. at *4.

In her response, Jaddou notes that she intended to file Exhibit A as a sealed exhibit and outlines the efforts to correct the mistake once it was realized.[1] (Def.'s Resp. Pls.' Mot. Assess Civil Penalties 1-2, DN 12). Notwithstanding the Patels' arguments to the contrary, they have failed to establish that Jaddou's filing was willful and are therefore not entitled to statutory penalties. *See Mitchell*, 2016 WL 58900068, at *3 (noting that "willful" means "[v]oluntary and intentional, but not necessarily malicious. A voluntary act becomes willful, in law, only when it involves conscious wrong or evil purpose on the part of the actor, or at least inexcusable carelessness, whether the act is right or wrong. The term willful is stronger that voluntary or

---

[1] Based on the electronic filing receipts, Exhibit A was unsealed approximately four hours before the motion to seal was filed.

intentional; it is traditionally the equivalent of malicious, evil, or corrupt." (citation omitted)).  This motion is denied.

### C.   <u>Defendant's Motion to Seal</u>

Finally, Jaddou moves to seal Exhibit A attached to her dispositive motion.  (Def.'s Mot. for Leave Seal 1-2).  Because the Patels do not oppose the motion and Exhibit A contains sensitive, confidential information, the motion is granted.

### III.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.      Defendant's Motion to Dismiss (DN 8) is **GRANTED**, and the Complaint is **DISMISSED**.

2.      Defendant's Motion for Leave to Seal (DN 9) are **GRANTED**.

3.      Plaintiffs' Motion for Civil Penalties (DN 11) is **DENIED**.

4.      The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

August 31, 2023

cc:      counsel of record